[871 NYS2d 257]

In the Matter of MAYANK V. MUNSIFF, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 30, 2008

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*Mayank V. Munsiff*, Queens, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and discipline the respondent as the Court deems appropriate. The respondent cross-moves to disaffirm the Special Referee's report, to dismiss the charges, or for a rehearing.

Charge one alleges that the respondent converted funds belonging to the estate of Anibal Tellez to his own use and benefit, in violation of Code of Professional Responsibility DR 9-102 (a), (b) (1) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a], [b] [1]; 1200.3 [a] [7]).

In October 2004 the respondent was retained by Mrs. Josephine Tellez, as executrix, to represent the estate of her late husband, Anibal Tellez. Funds exceeding the sum of $1,000,000 were marshaled from various bank accounts and from the sale of properties, and deposited into an estate account maintained by her. The respondent maintained an attorney escrow account at JP Morgan Chase Bank and a business and separate personal account at Citibank.

Between June 30, 2005 and December 19, 2005, the respondent directed Mrs. Tellez to issue to him four checks in the aggregate sum of $140,000 for deposit into his escrow account. Although the respondent told Mrs. Tellez that the funds would be

used for court costs and his legal fees, he failed to provide a bill or a coherent explanation of his fees.

On August 8, 2005, the respondent deposited $65,000 into his escrow account, representing a contract deposit by a purchaser of rental real estate sold by the estate. Without the knowledge or consent of Mrs. Tellez, the respondent wrote checks from his escrow account against the estate funds for various business and personal expenses unrelated to the estate, including malpractice insurance premiums, office rent, gift baskets to the Queens County Bar Association, telephone bills, bar association dues, a subscription to the New York Law Journal, Continuing Legal Education program tuition, federal income taxes, and theater tickets for his mother. The respondent also used estate funds in his escrow account to pay expenses on behalf of his other clients, without the knowledge or consent of Mrs. Tellez (see Matter of Tellez, 56 AD3d 678 [2008]).

By letter dated May 22, 2006, Mrs. Tellez discharged the respondent for cause. She filed a petition to set the respondent's compensation from the estate before the Surrogate's Court, Queens County. By decision dated November 28, 2006, the Honorable Robert L. Nahman determined that the respondent was discharged as attorney of the estate for cause and was not entitled to any legal fees.

Based on that decision, an order was entered on December 14, 2006, discharging the respondent for cause and directing him to return the $159,750 in legal fees and disbursements taken from the estate.

By order dated April 3, 2007, that amount was reduced by $22,050 upon the respondent's motion to reargue and the executrix's concession that said portion of the amount expended by the respondent actually benefitted the estate.

Charge two alleges that the respondent commingled funds belonging to the estate of Anibal Tellez with his own funds in his escrow account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent submitted to the executrix a bill for legal fees and disbursements, dated May 10, 2005, in the amount of $8,125, which she duly paid from the estate's account. The respondent improperly deposited a portion of that sum into his escrow account, which also held client funds. The respondent thereafter improperly deposited and retained estate funds that he deemed to be earned legal fees into his escrow account.

Based on the evidence adduced, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm the report, dismiss the charges, and schedule a rehearing is denied.

The evidence presented by the Grievance Committee and the respondent's own admissions, as set forth in his testimony and in his posthearing memorandum of law, led the Special Referee to conclude that the respondent "has no understanding whatsoever of the disciplinary rules and remains both ethically challenged and a continuing threat to the public's interest."

Throughout the proceeding, the respondent has evinced an inability to grasp the concept that his actions, albeit not venal in nature, are in direct contravention of the Disciplinary Rules. He seeks to adapt the Disciplinary Rules to his own convenience.

Notwithstanding the mitigation advanced, including the respondent's lack of venality, the absence of any disciplinary history since his admission in 2002, and his apparently sincere belief that he was acting with his client's implied consent, the respondent is disbarred for his professional misconduct which bespeaks a total incomprehension of the disciplinary process and a very real danger to the public interest.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and MILLER JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the cross motion of the respondent, Mayank V. Munsiff, inter alia, to disaffirm the Special Referee's report is denied; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Mayank V. Munsiff, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mayank V. Munsiff, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Mayank V. Munsiff is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge,

justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mayank V. Munsiff, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).